UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TYRONE ANDREWS, ) | CASE NO. 1:09 CV 2442 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| MR. MCKEE, ) | <u>AND ORDER</u> |
| ) | |
| Defendant. ) | |

<u>Pro se</u> plaintiff Tyrone Andrews filed this action under 42 U.S.C. § 1983 against Marion Correctional Institution Sergeant Mr. McKee. In the complaint, plaintiff alleges Mr. McKee erroneously arranged a disciplinary hearing on charges from another institution. He seeks "justice to be passed down in its fullest." (Compl. at 5.)

**Background**

Mr. Andrews states he was transferred from the North Coast Correctional Treatment Facility ("NCCTF") to the Lorain Correctional Institution ("LORCI") and then to the Marion Correctional Institution ("MCI"). Mr. Andrews received a conduct ticket at NCCTF just before his transfer. When he arrived at his final destination, MCI, he was immediately taken to segregation. Mr. Andrews alleges that Mr. McKee emailed NCCTF and asked for the conduct report. MCI conducted a hearing and Mr. Andrews was given time in segregation with a recommendation for placement in local control. He contends "they didn't have the authority to do what they done and my rights were violated." (Compl. at 3.) He states he wants "these men brought to justice to fare

the full punishment of the courts here." (Compl. at 5.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, plaintiff fails to identify any particular federal right he believes to have been violated by Sergeant McKee. He provides a short narrative of facts and then concludes that Sergeant McKee lacked authority to pursue pursue the disciplinary charges. (Compl. at 4.) Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which plaintiff intends to base his § 1983 action.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 15, 2010

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.